IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| BUFORD L. FARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 2:11-CV-4252-FJG |
| FDIC, as Receiver for PREMIER BANK, | ) | |
| Jefferson City, Missouri, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On September 12, 2011, Buford Farrington, Dittmer Holdings, LLC, Barkley Center Holdings, LLC and UMB Bank filed a petition against the FDIC and Cathy Richards in Boone County Circuit Court. On September 26, 2011, the FDIC removed the action to federal court. Currently pending before the Court is Cathy Richard's Motion to Dismiss for Failure to State a Claim (Doc. #4), FDIC's Motion to Dismiss (Doc. # 6) and plaintiffs' Motion to Consolidate Cases (Doc. # 15).

### I. BACKGROUND

In July 2006, the Barkley Center General Partnership ("BCGP") comprised of two equal partners, John Peters and Joe Dittmer, took out a loan in the amount of $2,550,000. Property owned by the partnership was used as collateral for the loan. The partnership defaulted on the loan and the property was placed under the control of the FDIC as receiver for the now insolvent bank. The plaintiff successor in interest, Dittmer Properties L.P., representing half of BCGP's interest, sued the original lending bank, Premier Bank, seeking declaratory judgment that the loan should be declared void as to plaintiff Dittmer Properties L.P. and sought to enjoin the bank from selling the

encumbered property. The primary basis for plaintiff Dittmer Properties L.P.'s complaint is that the partner who signed for the loan, John Peters, did not have authority from the other partner, Joe Dittmer, to do so. Plaintiff Dittmer Properties L.P. is suing both the assignee of John Peters' interest, Cathy Richards, and the bank who made the loan, Premier Bank, alleging "violations of common law duties" including "making a loan that is not commercially reasonable, nor in keeping with its obligation to exercise ordinary care in respect to plaintiff." Additionally by disbursing the funds to pay off another loan that the signer/partner John Peters had, the defendant Premier Bank is alleged to have converted the funds loaned to the partnership (since the loan that Peters paid off was also held by Premier Bank). See First Amended Petition, ¶ 21-22 (Doc. No. 1-2 at pages 12-18). The FDIC was substituted as a defendant in Premier Bank's place shortly after being appointed receiver. Thereafter, the FDIC removed the case to federal court and filed its Motion to Dismiss under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). On June 28, 2011, the Court denied in part the FDIC's Motion to Dismiss and held that it retained subject matter jurisdiction and stayed the case pending exhaustion of the claims handling process. On January 27, 2012, the Court granted the FDIC's Renewed Motion to Dismiss and dismissed plaintiff's claims against the FDIC. The Court then remanded to the Boone County Circuit Court plaintiff's remaining state law claims against Cathy Richards.

## II. STANDARD

To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,129 S.Ct. 1937,1949,173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d

929 (2007)). A pleading that merely pleads "labels and conclusions" or a "formulaic recitation" of the elements of a cause of action, or "naked assertions" devoid of "further factual enhancement" will not suffice. Id. (quoting Twombly). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Under Fed. R. Civ. P. 12(b)(6) we must accept the plaintiff's factual allegations as true and grant all reasonable inferences in the plaintiff's favor. Phipps v. FDIC, 417 F3d 1006, 1010 (8th Cir. 2005).

### III. DISCUSSION

The FDIC argues that this case should be dismissed because it involves the same parties and issues that were pending before the Court in Case. No. 11-4011 and there is no reason for plaintiff to assert the same claims as those which were already pending. Plaintiffs argue that the plaintiffs in this case are not the same as the plaintiff in Dittmer I. Plaintiffs state that it was necessary to file the second lawsuit because the statute of limitations was close to expiring and it was necessary for all potential plaintiffs to commence an action before the statute expired.

The Court finds that plaintiffs' claims in this suit are barred by the doctrine of res judicata. "The principle behind the doctrine of res judicata is that "[f]inal judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds *which could have been raised* in the prior action." Stewart v. General Mills Operations, LLC, No. 09-CV-05-LRR, 2009 WL 3208665, *2 (N.D.Iowa Sept. 30, 2009), aff'd, 2010 WL 2010874 (8th Cir.2010). In Stewart the Court stated:

> The doctrine of res judicata bars the relitigation of a claim if the following five elements are satisfied:
> (1) the first suit resulted in a final judgment on the merits; (2) the first suit

3

> was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must (5) have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

Id. at *2 (quoting Rutherford v. Kessel, 560 F.3d 874, 877 (8th Cir.2009)).

In the instant case, a final judgment was entered in Dittmer I on plaintiff's claims against the FDIC, as the Court dismissed plaintiff's claims for declaratory, injunctive and monetary relief. Also, jurisdiction was proper in Dittmer I. With regard to the third element, the plaintiff in Dittmer I was Dittmer Properties, L.P. whereas in Dittmer II, the plaintiffs are Buford Farrington, Dittmer Holdings, LLC, Barkley Center Holdings, LLC and UMB Bank. With the exception of UMB Bank, these are the same parties which plaintiff sought leave to add in Dittmer I. In Stahl v. Rodden, No. 4:11CV242JCH, 2011 WL 3319400 (E.D.Mo. Aug. 1, 2011), the Court discussed the privity issue and stated that "[i]n general, privity exists if a person is so identified in interest with another that he represents the same legal right." Id. at *3 (quoting Rutherford, 560 F.3d at 877). Indeed, in the petition in Dittmer II, plaintiffs admit that "[t]he alternative Plaintiffs herein are in privity with Dittmer Properties, L.P. and accordingly if one or more of them are deemed to be the proper party plaintiff to pursue the claims set forth herein, they are by law deemed to have submitted such claims as being in privity with Dittmer Properties, L.P." (Petition in Dittmer II, ¶ 19). The Court also finds that UMB Bank was in privity with the plaintiffs, because at one point it was the successor trustee of the Joe E. Dittmer Trust. UMB Bank as trustee also transferred its interest in Dittmer Properties L.P. back to the Estate of Joe Dittmer in September 2010. Thus, the Court finds UMB was in privity with Dittmer Properties, L.P. As to the fourth factor, the Court finds that both suits are based on exactly the same claims and causes of action. Finally, the

4

Court also finds that plaintiff was given a full and fair opportunity to litigate its claims in Dittmer I. Accordingly, as all of the factors are met, the Court hereby concludes that res judicata applies to bar the plaintiffs' claims against the FDIC in Dittmer II.

With regard to the plaintiffs' claims against defendant Cathy Richards in Dittmer I the Court did not issue a final judgment with regard to these claims but instead declined to exercise supplemental jurisdiction over these state law claims. Therefore, res judicata does not apply to these claims. The Court will once again decline to exercise jurisdiction over these claims and hereby **REMANDS** these claims to the Boone County Circuit Court as well.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **GRANTS** the FDIC's Motion to Dismiss (Doc. # 6), **DENIES AS MOOT** the Motion to Dismiss filed by Cathy Richards (Doc. # 4) and **DENIES** plaintiffs' Motion to Consolidate Cases (Doc. # 15).

Date: <u>January 27, 2012</u>         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri        Fernando J. Gaitan, Jr.
       Chief United States District Judge